BEID–ARCHER CO. v. NORTH AMERICAN CHEMICAL & ENGINEERING
CO. et al.

(Circuit Court, S. D. New York. August 1, 1906.)

PATENTS—INFRINGEMENT—INJUNCTION—LACHES.

A bill to restrain the infringement of a patent was verified June 27,
1906, and was accompanied by a motion for a preliminary injunction re-
turnable July 12th. The bill was filed June 28, 1906, and the subpœna
served July 29th following. The patent was dated July 9, 1889, and ex-
pired July 9, 1906. The bill did not fix the date of the alleged infringe-
ment, beyond the allegation that it occurred within six years prior to the
filing of the bill, complainant knowing at the time the bill was filed that
it could not be brought to the attention of the court in time to obtain
injunctive relief; and the only proffered excuse for complainant's laches
was that there was no appointed sitting of the court at which complain-
ant could be heard until three days after the patent expired. *Held* that,
the sole practical purpose of the bill being to collect damages, it would be
dismissed for laches.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 468.]

Mr. Edwards, for complainant.
Mr. Griffin, for defendant.

THOMAS, District Judge. The bill, verified June 27, 1906, ac-
companied by a motion for a preliminary injunction returnable July
12th, was filed June 28, 1906, and the subpœna was served June 29,
1906. The patent, dated July 9, 1889, expired July 9, 1906. The
date of the alleged infringement is not fixed, beyond the statement
that it occurred within six years prior to the filing of the bill. When
the complainant filed the bill, it knew that it could not be brought to
the attention of the court in time to obtain injunctive relief, and the
sole practical purpose was to use the court for the purpose of collect-
ing damages. The proffered excuse, that there was no appointed
sitting of the court at which the complainant could be heard until three
days after the patent expired, emphasizes the laches of the complain-
ant. During the six years mentioned the motion could have been
heard each week, save during July, August, and September, when
motions were heard once in two weeks. And the complainant neglect-
ed each and every of all such opportunities, and waited until the
period when such a motion could not be brought to hearing before
the expiration of the patent. Under such state of facts the court
should not entertain jurisdiction.

Motion to dismiss the bill is granted.